{¶ 65} In their first assignment of error, appellants challenge the trial court's entry of a judgment notwithstanding the jury's verdict, entered pursuant to Civ. R. 50(B). The majority correctly states the court's findings and our standard of review, but I disagree with the majority's conclusion.
 {¶ 66} The majority finds the trial court did not address the appellants' claim, set forth in the pleadings, for breach of a covenant running with the land contained in the warranty deed. The majority finds in analyzing the motion for JNOV pursuant to Civ. R. 50(B) we must construe this allegation as true. I do not agree. The record shows the appellants abandoned the claim regarding the covenant, and the parties tried this case under a breach of contract theory. Appellants' proposed jury instructions do not mention covenants running with the land, and instead ask the jury to find the deed and Exhibit A constitute a written contract between the parties. Likewise the jury interrogatories do not inquire about any issues other than contract and fraud. Although both parties objected to the instructions on various grounds, neither objected to the lack of any mention of covenants running with the land. Appellants' opposition to appellees' motion for JNOV contains no mention of covenants.
 {¶ 67} In Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 659 N.E.2d 1232, on the issue of whether in deciding a motion for JNOV a court may consider defenses raised in the pleadings but not raised at trial the Supreme Court opined, "To require a trial court to grant a defendant judgment as a matter of law on an issue never timely raised would fly in the face of fundamental rules of our adversarial system of trial, which place specific responsibilities on parties involved in litigation to *Page 15 
shape the course of the trial." Id. at 436, 659 N.E.2d 1232. See alsoDardinger v. Anthem Blue Cross Blue Shield, 98 Ohio St.3d 77,2002-Ohio-7113.
 {¶ 68} Any allegations in the pleadings regarding whether the documents contained a covenant running with the land were effectively waived. In analyzing the motion for JNOV we must presume the documents were properly filed, but not that they contain enforceable covenants running with the land.
 {¶ 69} Furthermore, I find to try this case as a contract case was appropriate. The requirements for a covenant running with the land were succinctly set out by the Sixth District in City of Perrysburg v.Koenig, (December 8, 1995) Wood Co. App. No. WD-95-011: "The successful creation of a covenant which runs with the land requires the following: (1) the parties must intend for their promises or covenants to bind their successors in title to the land, 5 Restatement of the Law, Property (1945), 3196, Section 531; (2) historically, such agreements were required to be in writing and under seal, id. at 3199, Section 532, however, modern practice requires only compliance with the statute of frauds, 1 McDermott's Ohio Real Property (1988) 208, Section 6-31B; (3) there must be privity between the promisor and the promisee, Restatement at 3205, Section 534, and between the promisor and his or her successor in interest, Id. at 3210, Section 535; (4) the promise must "touch and concern" the land; that is, the performance of the promise must aid the beneficiary of the promise in the physical use or enjoyment of the land possessed by him or her, Id. at 3218, Section 537, see, also, Comment (c) at 3220; (5) finally, the successor in interest who is to be bound by the covenant must have either actual or constructive notice of its existence. Id. at 3203, Section 533, see, also, McDermott, supra at 208, et seq.; Boyer, Survey of the Law of *Page 16 
Property (1988), 515-538; Head v. Evans (Feb. 11, 1981), Hamilton App. No. C-790831, unreported at note 4." Koenig at 3.
 {¶ 70} Here the parties involved are the original parties to the sale of the land and the case does not involve enforcing a covenant against any successors in interest. I find the case does not present issues regarding whether a covenant runs with the land in question. Rather, the case is about the agreement between the original seller and original purchasers. The case was very properly tried as a contract case.
 {¶ 71} I would find the trial court's analysis of the jury verdict and answers to the interrogatories is accurate. The jury was asked to evaluate the agreement between the parties. Exhibit A does indicate the parties had some agreement for free gas, but it contains insufficient information to constitute a written contract. The appellants presented evidence of oral promises to provide the missing information regarding how long appellees agreed to provide the free gas.
 {¶ 72} The jury found a breach of contract but found there was no written contract. The trial court correctly concluded the jury must have found there was an oral contract. A court should not find answers to interrogatories are internally inconsistent or inconsistent with the verdict if it can reasonably construe the verdict and the answers in a manner internally consistent and consistent with the evidence presented. Here the jury could reasonably find appellants were entitled to damages for breach of an oral agreement, but the court could also correctly found recovery on these grounds barred by the statute of limitations and on the pleadings.
 {¶ 73} The majority also takes issue with how the interrogatories address the two defendants. Appellants' amended complaint alleges breach of contract only against J.J. *Page 17 
Detweiler Enterprises, and fraud by both the company and Detweiler personally. The general verdict awards damages to the plaintiffs, but does not specify whether both defendants are liable. However, the answer to Interrogatory I specifies the jury finds only J.J. Detweiler Enterprises liable for the breach of contract. The only interrogatories concerning Detweiler personally deal with fraud, and the jury found in his favor. I find no confusion or inconsistency.
 {¶ 74} In short, I find the trial court correctly analyzed the motion for JNOV. I find the evidence supports the jury's verdict and its answers to the interrogatories, and they are consistent. But, the court could not legally award the damages based upon an oral contract.
 {¶ 75} Because I would not reverse the JNOV, I would also find the court's failure to rule on the motion for new trial is not prejudicial error.
 {¶ 76} I would overrule the first assignment of error.
 {¶ 77} I concur with the majority's disposition of the remaining assignments of error, and would decline to address the cross appeal. *Page 18 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed in part and reversed in part, and the matter is remanded to said court for ruling on the motion for new trial. Costs to appellees. *Page 1